Mr. Justice Colcock
delivered the opinion of the Court..
On the first plea nothing need be said. As to the presumption of payment arising from lapse of time, the doctrine is .well settled. Twenty years without any payments, will raise the presumption of payment; but even then the presumption may be rebutted by circumstances which will tend to shew that it was not paid. A less time, with other circmrv *147 stanc.es, going to shew that there was payment, may be sufficient. Now as to time alone, there were about IT years between the time when the bond became due, and the action against this defendant. The time alone then is not sufficient. Are there any circumstances to induce a belief of payment? None ; but on the contrary the most conclusive to shew that the bond never was paid. The suit against Bostick, the defendant co-obligor, with the sheriff’s return on the execution, and the general belief of his insolvency, all shew that the bond was not paid. The verdict then as to this ground is contrary to law.
On the second ground of argument, that defendant is discharged by the laches of the plaintiff; I know no means by which a court of law can distinguish between the responsibility of the obligors to a bond, where no distincti- • on is made in the bond itself; and here there is none. If it be a fact that the defendant was only a security, and that the mortgage not being recorded, enabled the principal, Bostick, to dispose of the land, and if it be also a fact that the defendant has sustained an injury thereby, it may furnish a. ground of relief in another court, but it cannot avail him here; for we have no means of enquiring into those facts. We cannot call upon a defendant to say whether he has not been long ago indemnified. As for the parallel which is attempted to be drawn between the situation of the defendant and an indorser, it cannot hold; for in the one case the party is absolutely7 and unconditionally bound, in the other he is only responsible on the happening of a contingency, with which, when it does happen, he must be made acquainted. An indorser, then, if not called on when a bill falls due, may reasonably conclude that it has been paid. Not so with the obligor'to a bond. If he wishes to avoid the consequences of the insolvency of his co-obligor, diligence must be exercised by him.
As to the plea of usury, it is sufficient to observe, that nothing is more common or more just than that a bond which is given some time after a purchase made, should *148 bear interest from the time of purchase ; and there is no > thing to shew that this was not the' case in this instance.
Jeter, Solicitor, for the motion.
W. F. De Saussure, contra.
The motion is unanimously granted.
Justices Nott, Richardson, Gantt, Huger and Johnson, concurred.